IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOSEPH L. BEATTY, JR., | : | CIVIL ACTION |
| | : | NO. 11-07240 |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| CLERK OF COURTS, et al., | : | |
| | : | |
| Defendants. | : | |

M E M O R A N D U M

EDUARDO C. ROBRENO, J.                                    JULY 13, 2012

## I.    INTRODUCTION

Plaintiff Joseph Beatty, Jr. ("Plaintiff"), who is proceeding pro se, brings this action against Defendants Clerk of Courts and the City of Philadelphia ("Defendants") pursuant to 42 U.S.C. § 1983.  Plaintiff seeks damages related to his alleged unlawful incarceration in a state correctional facility. Pending before the Court is Defendant Clerk of Courts' Motion to Dismiss Plaintiff's Complaint for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6).

For the reasons that follow, the Court will grant Defendant Clerk of Courts' Motion.

**II.   BACKGROUND**[1]

Plaintiff's Complaint arises out of his incarceration
at the State Correctional Institute at Somerset ("Somerset"), a
Commonwealth of Pennsylvania correctional facility.  On March
21, 2011, Municipal Court of Philadelphia County Judge Jacquelyn
Frazier-Lyde sentenced Plaintiff to eleven-to-twenty-four months
of confinement for the crime of recklessly endangering another
person.  See Criminal Docket 1, Def. Clerk of Courts' Br. in
Supp. of Mot. to Dismiss Ex. C, ECF No. 9.  Plaintiff was to
serve, and did serve some of this sentence, at Somerset.  Court
of Common Pleas for Philadelphia County Judge Frank Palumbo
vacated this sentence on August 1, 2011.  Plaintiff avers that
he should have been transferred from Somerset to a county prison
directly after Judge Palumbo vacated his sentence.  But, Judge
Palumbo's order vacating Plaintiff's sentence was not docketed
until January 13, 2012.  Id. at 10.  Because of this late
docketing, not only was Plaintiff not housed in county prison,
but Plaintiff was also never brought down for scheduled
resentencing's on August 5, 2011, October 4, 2011, and November
10, 2011.  Id. at 9.  Plaintiff grieved this issue at Somerset,

---

[1]      In accordance with the appropriate standard of review,
see infra Part III, the Court takes the facts in this section
from Plaintiff's Complaint, assumes their truth, and draws all
reasonable inferences therefrom in Plaintiff's favor.

but it had not received notice that Plaintiff's sentence had been vacated.  Eventually, and after the docketing of the vacating order, Plaintiff was scheduled for resentencing by Judge Frazier-Lyde on February 14, 2012.  On February 4, 2012, Plaintiff was transferred from Somerset to Curran-Fromhold Correctional Facility, a county prison, to wait for his resentencing.  On February 14, 2012, Judge Frazier-Lyde resentenced Plaintiff to time served with immediate parole.

Plaintiff avers that Defendants failed to effect his transfer from State prison to county prison after Judge Palumbo vacated his sentence.  Specifically, Defendant Clerk of Courts failed to enter Judge Palumbo's order vacating Plaintiff's sentence in a timely manner, waiting until January 13, 2012, to enter this order.  This failure, Plaintiff avers, resulted in damages of $125 a day for lost wages because he would have "likely [been] paroled" once in the county facility.  Pl.'s Compl. 5, ECF No. 3.  In addition to damages for loss of work, Plaintiff also asserts that, while in State custody, two inmates physically assaulted him.  In addition, Plaintiff avers that he suffers from anxiety and depression due to this State incarceration.

On November 23, 2011, Plaintiff filed suit in this Court, after the Court granted him leave to proceed in forma

pauperis.  See Order, Nov. 23, 2011, ECF No. 2.  On February 16,

2012, Defendant Clerk of Courts filed a Motion to Dismiss.  ECF

No. 9.  The Court held oral argument.  The Motion is now ripe

for disposition.[2]


## III. STANDARD OF REVIEW

A party may move to dismiss a complaint for failure to

state a claim upon which relief can be granted.  Fed. R. Civ. P.

12(b)(6).  When considering such a motion, the Court must

"accept as true all allegations in the complaint and all

reasonable inferences that can be drawn therefrom, and view them

in the light most favorable to the non-moving party."

DeBenedictis v. Merrill Lynch & Co., Inc., 492 F.3d 209, 215 (3d

Cir. 2007) (internal quotation marks removed).  To withstand a

motion to dismiss, the complaint's "[f]actual allegations must

be enough to raise a right to relief above the speculative

level."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007).

---

[2]     After oral argument in this case, Plaintiff filed a
motion to amend his complaint.  See ECF No. 18.  In this motion,
Plaintiff seeks to add no additional facts, but only to provide
the constitutional amendments that he avers Defendants violated.
Specifically, Plaintiff contends that the facts in his Complaint
amount to violations of his Fifth, Eighth, and Fourteenth
Amendment rights.  The Court will grant Plaintiff's Motion, and
will rule on Defendant Clerk of Courts' Motion to Dismiss as if
Plaintiff's additional language was included in his Complaint.

This "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id.  Although a plaintiff is entitled to all reasonable inferences from the facts alleged, a plaintiff's legal conclusions are not entitled to deference and the Court is "not bound to accept as true a legal conclusion couched as a factual allegation."  Papasan v. Allain, 478 U.S. 265, 286 (1986).

The pleadings must contain sufficient factual allegations so as to state a facially plausible claim for relief.  See, e.g., Gelman v. State Farm Mut. Auto. Ins. Co., 583 F.3d 187, 190 (3d Cir. 2009).  "'A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'"  Id. (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)).  In deciding a Rule 12(b)(6) motion, the Court is to limit its inquiry to the facts alleged in the complaint and its attachments, matters of public record, and undisputedly authentic documents if the complainant's claims are based upon these documents.  See Jordan v. Fox, Rothschild, O'Brien & Frankel, 20 F.3d 1250, 1261 (3d Cir. 1994); Pension Benefit Guar. Corp. v. White Consol. Indus., Inc., 998 F.2d 1192, 1196 (3d Cir. 1993).

5

## IV.  DISCUSSION

Defendant Clerk of Courts moves to dismiss Plaintiff's Complaint for failure to state a claim upon which relief may be granted.  Defendant Clerk of Courts argues that Plaintiff's Complaint fails to allege a constitutional violation. Specifically, it argues that Plaintiff has no "constitutional right to choose the location of his incarceration."  Def. Clerk of Courts' Br. in Supp. of Mot. to Dismiss 5.

Section 1983 provides a cause of action for an individual whose constitutional rights are violated by those acting under the color of state law.  42 U.S.C. § 1983 (2006); see Gonzaga Univ. v. Doe, 536 U.S. 273, 284–85 (2002).  The threshold inquiry in a § 1983 suit is whether the plaintiff has been deprived of a right "secured by the Constitution and laws" of the United States.  Baker v. McCollan, 443 U.S. 137, 140 (1979).  Absent a violation of a right secured by the Constitution or the laws of the United States by a person acting under color of state law, there can be no cause of action under § 1983.  Reichley v. Pa. Dep't of Agric., 427 F.3d 236, 244 (3d Cir. 2005) (citing West v. Atkins, 487 U.S. 42, 48 (1988)).  In deciding whether to grant Defendant Clerk of Courts' Motion to Dismiss, therefore, the Court must determine whether Plaintiff's

Complaint pleads a plausible claim that he was indeed deprived
of any rights secured by the Constitution or the laws of the
United States.

In this case, Plaintiff's Complaint fails to plead
such a deprivation of rights.  The United States Supreme Court
held in Meachum v. Fano that a prisoner has no protectable
liberty interest of confinement in a particular state prison.
427 U.S. 215, 224 (1976).  Indeed, Meachum provided, "[G]iven a
valid conviction, the criminal defendant has been
constitutionally deprived of his liberty to the extent that the
State may confine him and subject him to the rules of its prison
system so long as the conditions of confinement do not otherwise
violate the Constitution."  Id.  Furthermore, and more to the
point, "[t]he Constitution does not require that the State have
more than one prison for convicted felons; nor does it guarantee
that the convicted prisoner will be placed in any particular
prison, if, as is likely, the State has more than one
correctional institution."  Id.; see also Bolden v. United
States, No. 93-5463, 1994 WL 246173, at *2 (E.D. Pa. June 7,
1994) (holding that "the Fourteenth Amendment does not afford a

prisoner freedom of choice with respect to the location of his incarceration").[3]

In this case, although Defendant Clerk of Courts seems derelict in its duty to promptly enter the order vacating Plaintiff's sentence, Plaintiff had no protectable liberty interest in being housed in county prison while waiting for his resentencing.  Accordingly, Defendant Clerk of Courts' Motion to Dismiss will be granted.[4]

---

[3]     To be sure, a prisoner does have a protectable liberty interest in avoiding particular conditions of confinement arising from state regulations if those conditions impose an "atypical and [a] significant hardship on the inmate in relation to the ordinary incidents of prison life."  Sandin v. Conner, 515 U.S. 472, 484 (1995).  But, Plaintiff does not allege any prison regulations that deprive him of a constitutionally protected right.

[4]     Plaintiff avers in his Complaint that had he been timely transferred to county prison he would have been paroled. Such a conclusion is speculative.  Nonetheless, from a review of the record and the procedures in the Court of Common Pleas Plaintiff arguably could have a claim for false imprisonment. See Burgess v. Roth, 387 F. Supp. 115, 1161 (E.D. Pa. 1975); see also Regan v. Upper Darby Twp., 363 F. App'x 917, 924 (3d Cir. 2010).  After Plaintiff's sentence was vacated, there appears to have been no detainer on file to hold Plaintiff in any prison. Yet, Plaintiff pleads none of these facts in his Complaint. Although the Court construes Plaintiff's Complaint liberally, see Estelle v. Gamble, 429 U.S. 97, 106 (1976), the Court must properly characterize a claim based upon facts found in the Complaint.  Under these circumstances, the Court is not at liberty to rewrite a complaint to include facts and state theories to resuscitate a moribund claim.  Accordingly, the Court will dismiss Plaintiff's Complaint, but will do so without prejudice.

**V.     CONCLUSION**

          For the reasons stated above, the Court will grant

Defendant Clerk of Courts' Motion to Dismiss and will dismiss

Plaintiff's Complaint without prejudice.   An appropriate order

will follow.